MICHIGAN SOUTHERN & NORTHERN INDIANA RAILROAD COMPANY

*v.*

CATHARINE OEHM.

1. BAGGAGE — *what constitutes* — *necessity of notice to the carrier.* A railroad company, on December 24, 1868, received from a passenger at Chicago two trunks, and checked them as personal baggage to South Bend, Indiana. In an action against the company to recover damages, alleged to have been sustained by the failure of the defendants to deliver one of the trunks at the latter place within a reasonable time, it appeared the trunks contained

masquerade costumes, which the plaintiff had undertaken to furnish for use at a ball, on the evening of the following day; but one of the trunks failed to arrive in time, whereby the plaintiff lost the benefit of her contract: *Held,* in order to recover, it was necessary for the plaintiff to show she informed defendants' servants of the contents of the trunks, and that they would be required the next day.

2. The plaintiff having shipped as personal baggage merchandise to be used in her trade, and in no sense whatever capable of being considered personal baggage, on the principle announced in the case of the *Cincinnati & Chicago Railroad Company* v. *Marcus,* 38 Ill. 223, the company, not having notice of the contents of the trunks, were released from their liability as common carriers.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Judge, presiding.

The opinion states the case.

Mr. George C. Campbell, for the appellants.

Messrs. Barber & Lackner, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

The plaintiff in this case had undertaken to furnish masquerade costumes to be used at a ball on the evening of December 25, 1868, at South Bend, Indiana. On the 24th she bought a passenger ticket on defendants' road from Chicago to South Bend, and checked, as luggage, two large trunks containing the costumes, paying $1.75 for extra weight. One of the trunks did not arrive at South Bend in time for the ball, and the plaintiff lost the benefit of her contract. The trunk was returned to her, in a few days, at Chicago, with its contents wholly uninjured. This suit was brought to recover for the loss of profits, and the plaintiff recovered judgment for $500.

This judgment can not be sustained upon the evidence in the record. In order to recover, it was necessary for the plaintiff

to show she informed defendants' servants of the contents of the trunks, and that they would be required the next day. Instead of doing this, the plaintiff checked the trunks as personal baggage. She is now endeavoring to hold the company responsible for a liability which it never consciously assumed. The company undertook to carry certain trunks as personal baggage, and to be accountable for their non-delivery in a reasonable time, but the plaintiff is seeking to charge it for the non-delivery of merchandise shipped to be used in the plaintiff's trade, and in no sense whatever capable of being considered personal baggage. The case is in principle like the *Cincinnati and Chicago R. R. Co.* v. *Marcus*, 38 Ill. 223.

An attempt was made in this case to charge the defendants with notice, but the evidence is wholly insufficient for that purpose. The plaintiff, by her own evidence, merely told the baggageman who checked her trunks, in reply to his question where she was going, that she was going to the masquerade at South Bend. She does not state she gave the slightest information as to their contents, and the man himself swears he did not know their contents, or what business the plaintiff followed, although he knew her. We are wholly unable to see why he should have inferred, from what passed between them, that her trunks contained any thing besides personal baggage. The verdict is wholly unsustained by the evidence.

*Reversed and remanded.*